UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JODY WILSON JASSO; ELENA V.H. SINGLETON; M.M. JASSO,<br><br>    Petitioners,<br><br>v.<br><br>OREGON ATTORNEY GENERAL; *et al.*,<br><br>    Respondents. | Case No. 6:25-cv-01855-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

    Self-represented Petitioner Jody Wilson Jasso brings this action against 47 Defendants on behalf of himself, his minor child M.M., and M.M.'s mother Elena Singleton. Before the Court is Petitioner's Application to Proceed *in forma pauperis* ("IFP"). ECF No. 2. For the following reasons, Petitioner's Application to Proceed IFP is granted. However, the Clerk of the Court shall not issue process because this action is dismissed.

## BACKGROUND

    Petitioner's filing is captioned as a "Petition for Writ of Certiorari Demand for Jury Trial." Generally, Petitioner challenges judgments by the Marion County Circuit Court, alleging that the decision or decisions were premised on fraud, mental health misdiagnoses, and other misconduct by the various individual defendants. Pet. 10, ECF No. 1. Those judgments appear to relate to Petitioner Jody Jasso's custody rights, although references to a "convict[ion]" may

relate to a criminal matter as well. Pet. 14-15, 22. The Petition alleges various torts and violations of constitutional rights, and asks that this Court grant his petition for writ of certiorari and set aside state court judgment or judgments.

## DISCUSSION

### I.    IFP Application

"The right to proceed in forma pauperis is not an unqualified one. It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). An application for IFP status is sufficient if "it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "A plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Id.* at 1234 (quoting *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

A review of Petitioner's IFP Application indicates that he cannot afford the costs of this litigation. Petitioner is unemployed with significant expenses including child support. Petitioner's IFP Application is therefore granted.

### II.   Mandatory Screening

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th

Cir. 1996) ("allegations of material fact are taken as true and construed in the light most favorable to [plaintiff]").

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp.*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted).

  **A.**  **Analysis**

The Petition here includes numerous deficiencies as addressed below.

    1.  <u>"Petition for Writ of Certiorari"</u>

The Petition is captioned as a "Petition for Writ of Certiorari Demand for Jury Trial," and separately cites 28 U.S.C. § 1291, which confers appellate jurisdiction on the courts of appeals to hear appeals of final decisions of district courts. *See* Pet. 10 (citing 28 U.S.C. § 1291). This

Court cannot hear a petition for writ of certiorari and is not a court of appeals. To the extent that Petitioner is directly seeking an appeal through a petition for writ of certiorari or appeal to a court of appeals, this district court is not the proper forum. However, because aspects of the Petition are in the nature of a complaint, the Court will construe it as such and refer to Petitioner Jody Jasso as "Plaintiff."

1. <u>Claims on Behalf of M.M. Jasso and Elena Singleton</u>

As an initial matter, self-represented Plaintiff Jody Jasso brought this action on behalf of himself as well as his minor child M.M. Jasso and M.M.'s mother Elena Singleton. However, the Ninth Circuit prohibits a self-represented plaintiff from representing their minor children, adopting the reasoning of other circuits which "have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citations omitted). Likewise, Jody Jasso, a non-lawyer, may not represent Elena Singleton. *See id.* ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'") (quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987)). Accordingly, the claims Jody Jasso brings on behalf of M.M. Jasso and Elena Singleton are dismissed without prejudice. *See Burgess v. Carmichael*, 37 F. App'x 288, 294 (9th Cir. 2002) (noting that while a parent may not proceed on behalf of their children without a lawyer, "dismissal with prejudice is not the appropriate response because [children] should not be prejudiced by [their parents'] failure to retain a lawyer").

2. <u>Personal Jurisdiction</u>

Plaintiff alleges a number of claims against individuals and entities located in Greeley, Colorado, including Teela Abels, Dustin Abels, Daryl Wilson, Elizabeth Wilson, Greeley Police Department, Adam Turk, Renee Doak, Michael Rourke, and Weld County Department of

Human Services ("the Colorado Defendants"). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants]." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution. *See* Or. R. Civ. P. 4 L; *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) ("Oregon's long-arm statute confers jurisdiction to the extent permitted by due process."). "Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Picot*, 780 F.3d at 1211 (internal quotations and citation omitted). There are two types of personal jurisdiction that a court may exercise over a defendant: general jurisdiction and specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). The Court will address each in turn.

    For general personal jurisdiction, a defendant is typically only subject to a court's general jurisdiction in the state where they are domiciled or "at home." *Daimler*, 571 U.S. at 137. A court may not assert general jurisdiction over an out-of-state defendant unless the defendant's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). For specific jurisdiction, the Ninth Circuit uses a three-prong test to determine whether a court has personal jurisdiction over a non-resident defendant: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim

must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice." *Picot*, 780 F.3d at 1211 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Here, to the extent Plaintiff pled any facts at all as to some of these Defendants, none of them demonstrate the level of connection to Oregon required for this Court to exercise jurisdiction over them. Plaintiff's claims against these Defendants are therefore dismissed.

3. Immunity

Several of Plaintiff's claims are directed at judges and prosecutors based on their conduct during court proceedings. However, immunity bars Plaintiff's claims as follows.

First, Plaintiff asserts claims against several judges—Chief Justice Meagan Flynn, Judge Erin Lagesen, Judge Manel Perez, Judge Renee Doak, Judge Courtland Geyer, and Judge Tracy Prall—apparently related to one or more court proceedings. However, judges are absolutely immune from civil liability for their judicial acts. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872) and *Pierson v. Ray*, 386 U.S. 547 (1967)). Judicial immunity would not apply in two narrow circumstances: (1) for nonjudicial actions; and (2) for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, neither of the exceptions to judicial immunity apply under the facts pled. In fact, there are no facts pled at all with respect to several of these judges' roles in the events underlying Plaintiff's lawsuit.

Plaintiff also asserts claims against various prosecutors, presumably related to the same court proceedings. However, absolute immunity shields prosecutors from suit if the claims are related to conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430

(1976)). As pled, the claims against Defendant Acosta[1] in this case, which relate to the use of allegedly false representations during court proceedings, are barred by prosecutorial immunity. *See, e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (absolute prosecutorial immunity "covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution"). All claims against Defendant Acosta are therefore dismissed.

    4.    <u>Failure to Allege Facts Sufficient to State a Claim</u>

Plaintiff's Complaint also fails to allege facts sufficient to state a claim. Plaintiff's 68-page Complaint is difficult to parse. It names 47 separate defendants and lists hundreds of constitutional provisions, state and federal laws, UCC provisions, torts, and "Universal Postal Union Law." With so many potential authorities and defendants named, the Court cannot discern Plaintiff's specific cause or causes of action and which Defendants they relate to. Plaintiff's Complaint is therefore insufficient to put each Defendant on notice of the factual basis and nature of the claims. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

Even if the Court could discern the specific causes of action and the Defendants they applied to, the facts themselves are likewise difficult to decipher beyond the general premise that Plaintiff believes that one or several state court decisions should be reversed due to fraud. But in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff's Complaint contains no such particular allegations, but

---

[1] Although Plaintiff names several other prosecutors as defendants, there are insufficient facts pled as to their conduct for the Court to discern whether prosecutorial immunity would bar the claims against them.

instead conclusory statements insufficient to satisfy Rule 8(a)(2), let alone the heightened requirements of Rule 9(b).

In sum, Plaintiff fails to allege sufficient facts to state a claim against any Defendant and fails to satisfy the pleadings standards in Rule 8(a)(2) and Rule 9(b).

### B. Leave to Amend

Ordinarily, self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted).

This is Plaintiff Jody Jasso's third filing in the past year directed at the same series of events related to Oregon state custody proceedings and the events underlying them. *See Jasso et al. v. Abels et al.*, 6:25-cv-00180-MTK; *Jasso v. Singleton*, 6:25-cv-01712-MC. The Court has identified many of the above-referenced deficiencies in these prior cases, and Plaintiff has failed to cure them. Thus, Plaintiff has been given "specific notice of the complaint's deficiencies and an opportunity to amend." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 249 (9th Cir. 1995). Dismissal with prejudice is appropriate in these circumstances. *See Zavala v. Bartnik*, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because [the plaintiff] was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the reasons above, Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 2, is GRANTED. However, this case is DISMISSED with prejudice as to Plaintiff Jody Jasso, and without prejudice as to M.M Jasso and Elena Singleton.

DATED this 20th day of January 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge
